UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MINAXI I. PATEL,

Plaintiff,

v.   4:12-cv-311

THE HONORABLE JOHN
MCHUGH,
Secretary of the Army,

Defendant.

## ORDER

### I. INTRODUCTION

Plaintiff, Lieutenant Colonel Minaxi Patel, has filed this action seeking to correct alleged errors in her Army record. Patel alleges that she was denied procedural and substantive safeguards as the Army reprimanded her for creating a hostile work environment in her dental clinic. She seeks to overturn the adverse judgment of the Army Board for the Correction of Military Records ("ABCMR"). Because Plaintiff does not meet the high standard necessary to reverse the ABCMR's findings, the Court *GRANTS* Defendant's Motion for Summary Judgment, ECF No. 22, and *DENIES* Plaintiff's Motion for Summary Judgment, ECF No. 38.

### II. BACKGROUND

This case arises from Patel's allegedly inappropriate statements made to subordinates in 2008 and the Army's subsequent investigation. Though Plaintiff disputes the veracity of the allegations, both parties agree that a member of Plaintiff's medical unit alleged that Plaintiff had made derogatory statements to subordinates based on their race and sexual orientation. ECF Nos. 19 at 7; 22-1 at 1-2.

Subsequently, the Commander of the 421st Multifunctional Medical Battalion ordered an informal investigation into Plaintiff's conduct pursuant to Army Regulation 15-6 ("AR 15-6"). ECF No. 19 at 7. Based largely on the findings of the AR 15-6 investigation, Brigadier General Daniel B. Allyn administered a non-judicial punishment under Article 15 of the Uniform Code of Military Justice ("UCMJ"). ECF Nos. 22-1 at 3; 38 at 4. Parties agree that both the AR 15-6 investigation and testimony of one witness undergirded Plaintiff's Article 15 punishment. *Id.* Plaintiff was found guilty of violating Article 92 of the UMCJ, because her alleged use of disparaging terms violated a valid Army Regulation, and of violating Article 133, because her creation of a hostile work environment was conduct was unbecoming an officer. *Id.*

After her Article 15 hearing, Plaintiff was issued a General Officer Memorandum of Reprimand ("GOMR"), which was filed in her Official Military Personnel File. ECF Nos. 22-1 at 3-4, 38 at 4.

Plaintiff appealed her Article 15 and GOMR to Maj. Gen. K. J. Glueck, Jr. He set aside the Article 92 charge but left the Article 133 charge intact. ECF Nos. 22-1 at 4; 38 at 4-5. She further submitted a Request to Set Aside to BG Allyn challenging the remainder of her Article 15 punishment, which was denied. ECF Nos. 22-1 at 4; 38 at 5.

On April 28, 2009, Plaintiff received an adverse Officer Evaluation Report ("OER") based on the prior investigation and hearing. The board in charge of officer promotions considered her OER, combined with her Article 15 and GOMR, and removed her name from consideration for promotion to full Colonel. ECF Nos. 22-1 at 4-5; 38 at 5.

She appealed the various proceedings and findings against her to the ABCMR. ECF No. 19 at 8-12. Patel submitted an initial set of filings, which the ABCMR considered, and a subsequent set of filings, which it may not have. See ECF Nos. 22-1 at 8; 38 at 19-20. The ABCMR ruled against her—a final agency decision.[1]

Defendant moved this Court for summary judgment, relying on the deferential standard of review that the federal courts employ in the administrative context. ECF Nos. 22; 22-1. He further argued that procedures provided Plaintiff were not defective and that any imperfections were not actionable as a matter of law. See id. Plaintiff responded and filed a dueling motion for summary judgment, alleging that procedures furnished her at every stage of her investigation and punishment were insufficient and that the ABCMR erred in failing to consider the entire record. ECF No. 38.

### III. ANALYSIS
#### A. Standard of Review
*1. Summary Judgment Standard*

---

[1] *See, e.g., Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981) (noting plaintiff ABCMR denied relief had "exhausted his administrative remedies").

"Summary judgment is appropriate when the record evidence, including depositions, sworn declarations, and other materials, shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). All evidence and factual inferences, however, must be viewed "in the light most favorable to the non-moving party," and "all reasonable doubts" resolved in his or her favor. *Id.* Nevertheless, should the moving party meet its initial burden to point out the absence of evidence supporting an essential element on which the non-moving party bears the burden of proof, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is the appropriate vehicle for courts to review agency decisions. *Fla. Fruit and Vegetable Ass'n v. Brock*, 771 F.2d 1455, 1459 (11th Cir. 1985).

*2. ABCMR Review Standard*

The Administrative Procedure Act ("APA") allows district courts to review the decisions of administrative agencies, 5 U.S.C. § 706, and ABCMR decisions follow that same path of review. *See Clinton v. Goldsmith*, 526 U.S. 529, 539 (1999). But while the process for review may be the same, the holistic standard of deference afforded ABCMR decisions is not. Of course, courts always afford some leeway to agency expertise. *See, e.g., Fields v. U.S.*

*Dep't of Labor Admin. Review Bd.*, 173 F.3d 811, 813 (11th Cir. 1999). Specifically, the Court "does not reweigh the evidence or substitute its judgment for that of the [administrative review board], but reviews the entire record to determine if the decision reached is reasonable and supported by substantial evidence." *Id.* at 814.

That standard grows even more deferential when pulled into the military's ambit. "[M]ilitary administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs." *Dodson v. U.S. Gov't, Dep't of Army*, 988 F.2d 1199, 1204 (Fed. Cir. 1993). Federal courts should be hesitant to wade into the "complex subtle, and professional decisions as to the composition, training, equipping, and control of a military force . . . ." *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973).

But the deference is not limitless. The district courts are entitled to review the ABCMR and can "set aside [its decisions] if they are arbitrary, capricious, or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983). A decision is arbitrary and capricious where

> the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfgs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). With these principles in mind, the Court addresses Plaintiff's allegations.

### B. Plaintiff's Allegations of Wrongdoing

Plaintiff enumerates errors that fall into three broad categories. First, she claims that the ABCMR did not consider all appropriate evidence when making its decision. Second, she states that it drew incorrect conclusions from the evidence that it *did* consider and otherwise violated its own procedures. Third, she claims that the ABCMR violated her Fifth Amendment Due Process rights. The Court takes these arguments in turn.

#### 1. Failure to Consider Attachments

Plaintiff submitted additional evidence to her ABCMR petition on November 30, 2011. ECF Nos. 38 at 9; 38-1 at 26-56. She claims that the ABCMR did not review that evidence, ECF No. 38 at 9, and that its failure to do so renders its entire decision arbitrary and capricious, *id.* Defendant apparently concedes that the ABCMR ignored these exhibits. ECF No. 22-1 at 19-20. He argues, however, that Plaintiff failed to request reconsideration of the ABCMR's ruling and that she did not properly describe the contents of the attachments, making it impossible to discover if the ABCMR committed prejudicial error in failing to consider them. *Id.*

The ABCMR must follow the APA's mandates, including its mandate to consider relevant evidence. Administrative judges are generally under an obligation to consider all relevant evidence, *see, e.g.*, *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589,

591-92 (11th Cir. 2006), but federal courts are entitled to find that such error was harmless in some situations, *U.S. Steel Corp. v. U.S. E.P.A.*, 595 F.2d 207, 215 (5th Cir. 1979). Specifically, if the administrative body fails to consider evidence that is merely duplicative or that supported its eventual finding, the error is harmless. *See Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (noting that failure to properly categorize or consider evidence had not altered final conclusion).

Here, Patel argues that the ABCMR committed reversible error in failing to consider "penned-in" alterations to her prior filing, as well as two subsequent exhibits. ECF No. 38 at 9 (referencing ECF No. 38-1). The pen alterations address only one issue—that Patel incorrectly identified her clinic's Officer in Charge ("OIC") in her first filing. *See* ECF No. 38-1 at 35-36. The first of her two proffered exhibits, Exhibit T, further documents the actual chain of command above Patel. *Id.* at 49-50. Patel's brief does not explain why these alterations would affect the ABCMR's analysis, nor can this Court divine a reason. ECF No. 38 at 9.

Patel's final exhibit, Exhibit "U," is a series of emails from Patel's attorney that includes correspondence with Maj. Mark Beilhardt, Patel's commanding officer. ECF No. 38-1 at 51-56. However, those emails merely restate elements of Beilhardt's sworn statement that *was* included in the administrative record and *was* examined by the ABCMR. *Compare* ECF No. 38-1 at 51-56, *with* ECF No. 45-4 at 59-60. Both statements seem to stand for the proposition that while Maj. Beilhardt believed that Patel could be difficult to work for, she was not guilty of the particular slurs attributed to her and he had not directly witnessed any of them. *Id.* The ABCMR had the benefit of those views when it ruled, so the unconsidered exhibit was duplicative. The ABCMR therefore committed harmless error in failing to consider Patel's November 30, 2011 submission, and this Court will not reverse the ABCMR on those grounds.

2. *Allegedly Arbitrary and Capricious Decisions*

Plaintiff contends that multiple aspects of the Army's investigation and subsequent actions violated the Army's own regulations and principles of administrative law, rendering the proceedings against her arbitrary and capricious.

a. AR 15-6 Investigation Improperly Conducted

Patel contends that her AR 15-6 investigation was improper, both because it was an informal investigation and because she was questioned before being advised of her right to counsel. ECF No. 38 at 10-13. Patel claims that Army Reg. 600-20, Appendix D (which governs harassment investigations), mandated that she receive a formal investigation. *Id.* But that Regulation only requires a formal investigation in a specific scenario—when a complainant has formally filed her complaint in writing. ECF No. 38-3 at 4-5. Neither the Amended Complaint nor Plaintiff's Countermotion for Summary Judgment allege that the complaints against her *were* formally filed. ECF Nos. 19 at 7; 38 at 3 (noting an email was sent but

alleging no formal filing of complaint). In the absence of the prerequisite facts needed for a violation of Army Reg. 600-20, this Court defers to the "presumption of regularity" afforded ABCMR decisions. *E.g., Musengo v. White*, 286 F.3d 535, 539-40 (D.C. Cir. 2002).

Patel invokes the general text of Army Reg. 15-6 to further her argument that a formal investigation was required. But that regulation makes clear that it defers to other regulations' investigative requirements—like those, for instance, contained in Army Reg. 600-20, Appendix D. ECF No. 38-2 at 3 (listing factors to be considered in providing formal or informal investigation and in some cases deferring to "other applicable regulations"). The Court does not perceive a way in which Army Reg. 15-6 would nullify Army Reg. 600-20's procedures or modulate its voice. Accordingly, Patel's subjection to an informal investigation was not error, and the ABCMR did not err in refusing to modify it.

Patel further argues that because she was not informed of her right to counsel at the 15-6 investigation's outset, that investigation was fatally flawed. She argues that any subsequent action relying on that investigation—like her Article 15—is therefore invalid. ECF No. 38 at 10. But Army Reg. 15-6 allows other tribunals to consider evidence that was obtained despite a substantial error. ECF No. 38-2 at 4 ("However, evidence considered by the investigation or board may be used in connection with any action under the Uniform Code of Military Justice (UCMJ) . . . or any other directive that contains its own procedural safeguards.").

Plaintiff attacks her AR 15-6 investigation because she attacks the ABCMR ruling it contributed to. That ABCMR panel had access to the record of her AR 15-6 and has its own procedural safeguards. *See, e.g., Adkins v. United States*, 68 F.3d 1317, 1324-25 (Fed. Cir. 1995) (describing procedural restraints on ABCMR under Army Regulations). Even if the initial investigation included improper evidence, the ABCMR's use of that evidence was not reversible error under Army Reg. 15-6, Section 2-3(c)(3)(c).

b. Different Burdens of Proof in AR 15-6 and Article 15

Plaintiff further argues that any evidence adduced in an AR 15-6 evidence could not support an Article 15 because an Article 15 conviction requires proof beyond a reasonable doubt, and the AR 15-6 investigation only requires a preponderance of the evidence. ECF No. 38 at 13-14.

This argument lacks merit. The record contains no evidence that the Article 15 tribunal deployed an incorrect burden of proof; in fact, it explicitly acknowledged that it was not authorized to impose punishment unless it was "convinced beyond a reasonable doubt that [Plaintiff] committed the offense(s)." ECF No. 30-2 at 30. Plaintiff provides no authority supporting her contention that evidence gathered under a preponderance of the evidence standard must be categorically excluded from a subsequent hearing with a higher burden of proof. In the absence of any evidence that the Article 15 tribunal applied an incorrect standard of proof, neither the ABCMR nor this Court should

5

arbitrarily overturn its findings. *See Musengo*, 286 F.3d at 539-40.

### c. Insufficient Evidence Presented

Patel alleges that the evidence at her Article 15 proceeding was facially insufficient to support a finding of guilt. ECF No. 38 at 14-16. Defendant contends that sufficient evidence was presented to support the tribunal's finding. ECF Nos. 22-1 at 16; 44 at 10-13.

Though this Court may set aside the ABCMR's ruling if it is "arbitrary, capricious, or not based on substantial evidence," *Chappell*, 462 U.S. at 303, it must not "reweigh the evidence or substitute [its] judgment for that of the [Board] . . . ." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). It is not enough that the ABCMR reached a result that this Court would not have reached. *See, e.g., Epstein v. Geren*, 539 F. Supp. 2d 267, 275 (D.D.C. 2008).

Patel vigorously objects to the Article 15 tribunal relying on evidence gathered in the AR 15-6 informal investigation. The Court addressed those arguments above. If the Court disagrees with her as to the propriety of admitting the AR 15-6 evidence, all that is left is her contention that the Article 15 tribunal (and subsequently the ABCMR) mis-weighed her evidence. ECF No. 38 at 14-16. She says witnesses' biases and inconsistencies in their statements "cast[] doubt" on the veracity of those statements, and that given that doubt, the Army did not prove her guilt beyond a reasonable doubt. *Id.*

The Court notes that it might well have agreed with Patel if it were tasked with conducting a first-look review of the evidence. *See, e.g.*, ECF No. 30-2 at 39-56 (series of generally positive evaluations of Patel). But its role is only to decide if the ABCMR erred when it conducted its own review of the prior proceedings. The record shows that the ABCMR had the benefit of witness testimony from the Article 15 hearing, ECF No. 31-1 at 42, that it examined sworn statements, ECF No. 30-1 at 60, and that statements in the record did support a conclusion that Patel created a hostile work environment, *see, e.g.*, ECF No. 30-2 at 1, 6-7, 9, 11-12. The Article 15 tribunal, and the ABCMR, weighed this evidence and reached the same conclusion. The Court cannot find that conclusion was unsupported, arbitrary, or capricious.

### d. Article 133 Cannot Stand If Article 92 Falls

Plaintiff's Article 15 panel found her guilty of violating both Article 91 (failing to obey a lawful general regulation) and Article 133 (conduct unbecoming an officer). ECF No. 30-1 at 22-23. On appeal, MG Glueck set aside the Article 92 charge. *Id.* Plaintiff argues that because these two charges were based on the same underlying conduct, the Article 133 charge cannot remain if the Article 92 charge was stricken. ECF No. 38 at 17. She further argues that even if the Article 133 charge could remain, the Article 92 charge should have been stricken from her GOMR. *Id.*

Defendant cites the ABCMR, which inferred that MG Glueck set aside the Article 92 charge as multiplicitous, rather

than finding it was unsupported by evidence. ECF No. 44 at 12. He further alleges that Plaintiff did not raise this issue in her Amended Complaint and that the Court should not consider it on summary judgment. *Id.* As a threshold matter, the Court notes that Plaintiff *did* sufficiently raise the issue in her Amended Complaint. ECF No. 19 at 12.

MG Glueck's appeal decision states that

"[t]he Art 92 charge, failure to obey a lawful general regulation is set aside. However, the art 133 charge, Conduct Unbecoming an Officer and Gentleman will remain in effect. The written reprimand punishment imposed is both just and proportionate to the Art 133 charge."

ECF No. 32-2 at 21. It appears then, at least, that the Maj. Gen. was aware of both charges, understood the factual similarities between them, and decided that sustaining the Article 133 charge was appropriate. The ABCMR's finding that "the appellate authority appears to have found the charges multiplicitious because they both involved the same misconduct by the applicant" is not clearly erroneous.[2] Further, Plaintiff has not provided, and the Court has not located, any authority that states that the setting aside of one charge procedurally demands the setting aside of another similar charge in the UCMJ context. Speculation is not enough to set aside the presumption of regularity. *See,*

---

[2] At least in the criminal context, military officials are often asked to determine if charges are multiplicitous and adjust them appropriately. *See, e.g., United States v. Walker,* 26 M.J. 886, 890 n. 8 (A.F. Ct. Crim. App. 1988); *United States v. Huff,* 22 C.M.R. 37, 39 (1956).

*e.g., Schaefer v. Geren,* 607 F. Supp. 2d 61, 70 (D.D.C. 2009) (deferring to ABCMR's regulatory expertise in interpreting difficult issues inherent in procedurally intertwined charges).

The copy of Plaintiff's GOMR included in the record does not reference either her Article 92 or her Article 133 charges; rather, it describes in general terms the underlying behavior of which she was accused. ECF No. 30-2 at 32. Even if the language in the first paragraph mirrors language present in Article 92, MG Glueck never set aside the factual underpinnings of that charge, only the consequences of that charge. ECF No. 32-2 at 21. The Court knows of no authority forcing the ABCMR to amend the GOMR's language simply because MG Glueck chose not to subject Patel to the legal consequences of both charges.

e. **ABCMR should have removed OER**

Plaintiff contends that there were numerous procedural defects that led to her adverse Officer Evaluation Report. ECF No. 38 at 18-21. Specifically, she contends that she did not receive a copy of her rating chain, that her raters were inadequately informed, that she did not receive support throughout the process, that the raters did not take adequate steps to gather a complete picture of her situation, and that the Senior Rater erroneously described her AR 15-6 investigation as "formal." *Id.* at 20. She articulated these objections to the ABCMR, which concluded that the defects were harmless error. ECF No. 30-1 at 23. Defendants echo the ABCMR and

emphasize this Court's deference to ABCMR findings. ECF No. 44 at 13-16.

The Army is required to "abide by its own procedural regulations should it choose to promulgate them," *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002), but a reviewing court should look to whether the agency misstep in question "violated not only the letter but also the principle behind [the regulation]," *id.* at 1259. *See also Guy v. United States*, 221 Ct. Cl. 427, 433-34 (1979) (evidence of possible bias insufficient to reverse OER when record showed OER to be factually accurate); *but see Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997) (holding review board's decision arbitrary because it did not adequately respond to procedural argument).

This is a close case, but the Plaintiff has not established that the errors she enumerates in the OER process caused her adverse effect. The OER relied on existing information—namely, that gathered in the course of the AR 15-6 investigation. ECF No. 32-1 at 40-41. It depended only on factual findings that were sustained by the ABCMR and that concurred with those found in the earlier proceedings against Patel. *Id.* Plaintiff has not presented the kind of evidence that would establish a nexus between the alleged OER procedural errors and its ultimate findings, nor any evidence that the Board would have disregarded the AR 15-6 investigation. Therefore, even if procedural errors did exist in the OER's promulgation, this Court cannot conclude that the ABCMR was arbitrary or capricious in finding that the OER was not "factually or materially defective . . . ." ECF No. 30-1 at 23.

f. ABCMR should have reinstated spot on promotion list

Plaintiff contends that when the Promotion Review Board relied on the AR 15-6 investigation, Article 15 tribunal, and OER to remove Patel from its "promote to Colonel" list, it "relied upon the fruit of the poisonous tree . . . ." ECF No. 38 at 22. This Court has concluded that fruit was not poisonous. Because Plaintiff's only reason for reinstating her promotion rests squarely on contentions of error that this Court has rejected, the claim fails.

*3. Due Process Denial*

Patel alleges that she was denied Due Process in violation of the Fifth Amendment. ECF No. 38 at 22-23. A plaintiff must assert that the government has deprived them of a liberty or a property interest to invoke the Constitution's guarantees of due process. *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976). But there is "no protected property interest in continued military service." *See, e.g., Wilhelm v. Caldera*, 90 F. Supp. 2d 3, 8 (D.D.C. 2000).

Patel's cited authority is not controlling. In *Antonuk v. United States*, a reservist challenged the process by which the Army activated him. 445 F.2d 592, 593-94 (6th Cir. 1971). He was thus deprived of a liberty interest (freely living a civilian life) in a way that Patel was not. Plaintiff therefore fails to establish the prerequisite liberty or property interest for any due process claim.

Moreover, the Court has concluded that the process afforded Plaintiff complied with internal Army regulations. *See Chamness v. McHugh*, 814 F. Supp. 2d 7, 16 (D.D.C. 2011) *aff'd*, 528 F. App'x 996 (Fed. Cir. 2013) (finding no Due Process violation when procedures were followed). Her Due Process claim fails.

## IV. CONCLUSION

Lieutenant Colonel Patel's record paints a picture of an officer whose generally stellar career was apparently marred by a few acts of misconduct. Her arguments are at their most compelling when she says simply that the ABCMR gave weight to the wrong evidence. Indeed, the Court's first-look examination of that evidence might well have been different than the ABCMR's.

But that is not the Court's role here. It must determine if the ABCMR was arbitrary and capricious, or if it tolerated a violation of Plaintiff's constitutional rights. Given the evidence in the record, the Court cannot conclude that it did. Accordingly, Defendant's motion for summary judgment is ***GRANTED***. Plaintiff's motion for the same is ***DENIED***.

This _11_ day of March 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA